UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ZVI E. MOSKOWITZ,                                    Civil Action No.:

                Plaintiff,

                                                                                  **COMPLAINT FOR VIOLATIONS**
    -against-                                              **OF THE TELEPHONE**
                                                                                       **CONSUMER PROTECTION ACT**

AMERICAN EXPRESS,

                Defendant(s).
-----------------------------------------------------------------X

       Plaintiff, ZVI E. MOSKOWITZ ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendant, AMERICAN EXPRESS (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

       1.      Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

       2.      Defendants are subject to, and required to abide by, the laws of the United States and the State of New York, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to

implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3. Plaintiff ZVI E. MOSKOWITZ is a resident of the State of New York, residing in Brooklyn, New York 11239.

4. Defendant AMERICAN EXPRESS is a New York corporation with a corporate headquarters address located at 200 Vesey Street, New York, New York 10285.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 47 USC §227 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On or about August 1, 2016 Defendant began communicating with Plaintiff by means of numerous auto-dialed telephone calls to Plaintiff's telephone number 718 514 0658.

9. Upon information and belief, Defendant called Plaintiff by means of a dialing system which can dial telephone numbers from a list of numbers selected from Defendant's database according to user defined criteria and when telephone numbers on

such a list are dialed by the dialing system, a human being does not have to manually dial the number.

10. On August 21, 2016, Plaintiff placed a telephone call to Defendant and was connected to a representative who identified himself as "Alex."

11. Plaintiff informed said representative that he was receiving numerous telephone calls from Defendant and wished them to stop.

12. Thereafter, Defendant continued to place auto dialed or "robo calls" to Plaintiff's telephone number.

13. Defendant's auto-dialed calls played a pre-recorded announcement stating: "Hello. This message is from American Express. This is not a telemarketing sales call. We are calling you to discuss an important matter." A telephone number was then left for a return call of 800 592 1160.

14. Said calls began in August, 2016 and continued through November, 2016 despite Plaintiff's request that they cease.

15. Defendant's calls originated from numbers 888 819 2135 and 800 592 1160.

16. Plaintiff received approximately one hundred and seventy five (175) such calls from Defendant.

### FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges. See *Breslow c. Wells Fargo Bank, N.A.* 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) *Cavero v. Franklin Collection Serv., Inc.*, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, in *Manno v.Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue." In *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls,

then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

It is thus clear from the plain language of the TCPA, and its considerable body of resultant caselaw that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

19. With the autodialer calls to Plaintiff's telephone commencing in August, 2016 and continuing at a rate of up to one hundred and seventy five (175) times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

20. The Defendant, having been informed that Plaintiff requested that no further calls be received, willfully violated the TCPA at least one hundred and seventy (170) times.

21. Upon information and belief, Defendants have implemented a policy in business practice which trains, instructs and/or sanctions employees and agents exemplified by the representative with whom Plaintiff communicated on August 21, 2016, "Alex," to request that Defendant's calls cease, to ignore such requests.

22. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely

communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

23. Defendant is in violation of the TCPA paragraphs 139 (3) having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of communications despite Plaintiff's clear and unequivocal request that such automatic calls cease on August 21, 2016.

24. Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

### SECOND CAUSE OF ACTION
### (Violations of the New York State Penal Code)

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. Under Title N, Article 240 of the New York State Penal Code, § 240.30 Aggravated harassment in the second degree, a person is guilty of aggravated

harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she:

    1.    Either (a) communicates with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm; or (b) causes a communication to be initiated by mechanical or electronic means or otherwise with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm; or

    2.    Makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication;

27.    Defendants are in violation of New York State Penal Code, § 240.30 Aggravated harassment in the second degree, a class A misdemeanor.

## DEMAND FOR TRIAL BY JURY

28.    Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

    A.    For statutory damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's violations of the TCPA in the amount of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. §227(b)(3)(B);

    B.    Treble damages of $1,500 for each violation determined to be willful and knowing pursuant to 47 U.S.C. §227(b)(3)(C);

      C.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) and prospective injunctive relief on behalf of the general public requiring Defendants to comply with the above cited provisions of the TCPA;

      D.    Attorneys fees and costs; and

      E.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    New York, New York
           December 8, 2016

                      Respectfully submitted,

                      By: _____
                      Edward B. Geller, Esq.(EG9763)
                      Edward B. Geller, Esq., P.C., Of Counsel to
                      M. HARVEY REPHEN & ASSOCIATES, P.C.
                      17 Landing Way
                      Bronx, New York  10464
                      Phone:   (914)473-6783

                      *Attorney for the Plaintiff* ZVI E. MOSKOWITZ

To:    American Express
        200 Vesey Street
        New York, New York 10285

*(Via Prescribed Service)*

Clerk,
United States District Court, Eastern District of New York

*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          CASE NO.:

ZVI E. MOSKOWITZ,

                            Plaintiff(s),

    -against-

AMERICAN EXPRESS,

                            Defendant(s).

# COMPLAINT

Edward B. Geller, Esq., P.C., Of Copunsel to
*M. HARVEY REPHEN & ASSOCIATES, P.C.*
15 Landing Way
Bronx, New York 10464
Phone:   (914)473-6783